IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

EDGAR JAMAL GAMORY
also known as
J.B.,

  Defendant.

CRIMINAL FILE NO.
1:08-CR-153-1-TWT

ORDER

This is a criminal forfeiture proceeding. It is before the Court on the Government's Motion for Summary Judgment [Doc. 264], which is GRANTED in part and DENIED in part.

I. Introduction

On April 21, 2009, after a six-day trial, a jury convicted Defendant Edgar Jamal Gamory on charges of money laundering and conspiracy to possess with intent to distribute cocaine and marijuana. On April 22, 2009, this Court entered a Preliminary Order of Forfeiture [Doc. 180], forfeiting to the United States all of Defendant Edgar Jamal Gamory's right, title, and interest in the property located at 4751 Riverwalk Trail, S.W., Lilburn, Georgia; the property located at 680 Lauren Parkway, Stone

Mountain, Georgia; $98,816 and $15,086 in United States currency; a 2006 Range Rover; a 2007 Mercedes CL600; a 2008 Cadillac Escalade; and assorted jewelry, electronic equipment, and gym equipment. Defendant Gamory's wife, Zakia Pendarvis, and father, Edgar Gamory, have filed third-party petitions asserting legal interests in these properties. The Government now moves for summary judgment on these petitions.

## II.  Summary Judgment Standard

A third party asserting a legal interest in forfeited property may challenge the preliminary forfeiture order in an ancillary proceeding. 21 U.S.C. § 853(n). In the ancillary proceeding, the court may permit the parties to conduct discovery and move for summary judgment pursuant to the Federal Rules of Civil Procedure. Fed. R. Crim. P. 32.2(c)(1)(B). Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the

nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

A criminal defendant's property may be forfeited to the United States pursuant to 21 U.S.C. § 853 if the Government demonstrates probable cause to believe that the property constitutes or is derived from proceeds from the sale of drugs. 21 U.S.C. § 853(a)(1). A third party wishing to challenge the forfeiture must show by a preponderance of the evidence that he has a right, title, or interest in the property that was superior to that of the defendant at the time the defendant committed the acts giving rise to the forfeiture. 21 U.S.C. § 853(n)(3) and (6).

   A.   Petitioner Pendarvis

      1.   Marital Property

Zakia Pendarvis, the Defendant's wife, asserts a fifty percent ownership interest in the property acquired during the couple's marriage, including the Riverwalk Trail property, the Lauren Parkway property, the $98,816 and $15,086 in United States currency, and assorted jewelry. However, under Georgia law, "no property rights are created in the assets of [a] marriage while the parties are still married." Miller v. Fulton County, 258 Ga. 882, 883 (1989). In other words, "no divorce means no

equitable division of property." Id. Accordingly, because Pendarvis and Defendant Gamory are still married, she may not contest the forfeiture of property obtained during her marriage on the grounds that she has a legal marital interest in the property.

    2.    <u>Real Property</u>

Pendarvis also contests the preliminary forfeiture order on other grounds. First, she says that she has an ownership interest in the Riverwalk Trail and Lauren Parkway properties. She is not the record titleholder of either property, but she says that she has a superior interest in the properties because she made the down payment, and paid the monthly mortgage payments, and other expenses associated with the properties. She claims that she paid these expenses out of her bank account. She admits that Defendant Gamory regularly deposited money into this account, but she says that the money came from legitimate sources.

According to Pendarvis, Defendant Gamory owned four restaurants and a recording studio. She says that he agreed to share the proceeds from these businesses with her. She explained in her Petition:

> Although Claimant had a fifty percent interest in the revenue Defendant generated from his restaurants, recording studio and entertainment businesses, she never realized her interests. Instead Claimant's portion of the revenue would be used by Defendant to provide support beyond his normal responsibilities as a father and a husband that would include but not be limited to: (a) satisfying Claimant's requests and desire to raise their children in a nice home, in a nice neighborhood with good schools; (b) performing upgrades or renovations on their home; (c)

  assisting Claimant in purchasing her vehicles; (d) helping with the provisions of unforeseen or miscellaneous financial support, when needed, to Claimant and their children; (e) purchasing gifts for Claimant; (f) re-investing in future businesses that would increase the overall household income; and (g) helping with the maintenance of their home and lifestyle.

(Pendarvis Petition at 6.) However, despite claiming a fifty percent interest in the businesses' revenue, Pendarvis does not know how much money, if any, Defendant Gamory earned through these businesses. More importantly, she has not offered any admissible evidence that the money Defendant Gamory gave her came from these businesses instead of drug sales. The only evidence that the money came from a legitimate source is Pendarvis' own deposition testimony, which is based on inadmissible hearsay and speculation. Without more, she cannot as a matter of law overcome the Government's showing of probable cause. See <u>U.S. v. Banco Cafetero Panama</u>, 797 F.2d 1154, 1160-61 (2d Cir. 1986) ("In almost all cases, once the Government has shown probable cause to believe that a person has sold drugs and has deposited the proceeds of a drug sale into a bank account, there will be probable cause . . . to believe that a withdrawal contains such . . . proceeds (if the withdrawal exceeds the deposit)."). Therefore, the Government is entitled to summary judgment on this claim.

    3. <u>Currency</u>

  Pendarvis also says that the currency seized from the master bedroom belongs

to her. She admits that some of the money in the bedroom was given to her by her husband, but she says that the money was her share of the restaurant and recording studio proceeds. Again, however, she offers no evidence, other than deposition testimony based on inadmissible hearsay and speculation, that the money her husband gave her came from a legitimate source. Moreover, in her deposition, she admitted that she did not know how much money was seized from the bedroom or how much of this money came from her husband. She also said she did not know how much money he made from his restaurants and recording studio. She also claims that she earned some money through her own employment, but she offers no evidence establishing a connection between this money and that found in the master bedroom. This is insufficient as a matter of law to satisfy her burden of proof. See U.S. v. $41,305.00 in Currency and Travelers Checks, 802 F.2d 1339, 1345 (11th Cir. 1986) ("[T]he possibility of an innocent source . . . does not constitute a preponderance of the evidence defeating forfeiture."). Therefore, the Government is entitled to summary judgment on this claim.

    4.    2006 Range Rover

Pendarvis also asserts an ownership interest in the 2006 Range Rover. She says that she purchased the car through a combination of trade-ins and her own money. However, she offers no evidence that she paid for the car that she traded for the Range

Rover. Moreover, for the reasons discussed above, she cannot show that the money she contributed from her bank account came from a legitimate source. Therefore, she cannot as a matter of law satisfy her burden of proof. Accordingly, the Government is entitled to summary judgment on this claim.

### 5. Other Personal Property

Finally, Pendarvis asserts an ownership interest in the jewelry, electronics, and gym equipment seized from her home. She claims that she purchased the following jewelry with her own money between 1999 and 2006:

(a) One 14K white gold diamond cross pendant with 14K white gold chain.
(b) One pair 14K white gold multi-colored diamond earrings.
(c) One ladies 14K white gold multi-colored diamond necklace.
(d) One ladies 18K white gold diamond bangle bracelet.
(e) One pair 14K white gold diamond earrings.
(f) One pair 18K white gold round hinged hoop diamond earrings with 212 round full-cut diamonds.
(g) One 14K white gold diamond "JJ" Pendant with 48 round full-cut diamonds.
(h) One 14K white gold diamond bar with black cord bracelet.
(i) One mens Cartier Pasha stainless steel watch.
(j) One 18K yellow gold fancy diamond link bracelet.
(k) One ladies 14K yellow gold engraved cuff-style bracelet.
(l) One ladies 14K yellow and white gold diamond cluster ring with 15 round full-cut diamonds.
(m) One pair 14K white gold diamond stud earrings with 2 round brilliant-cut diamonds.
(n) One ladies Techno JPM watch with Hi-Tech white ceramic case and bracelet.

Again, Pendarvis says that the money she used to purchase these items came from her

share of the restaurant and recording studio proceeds and from her own income. However, for the reasons discussed above, she cannot show that the money she contributed from her bank account came from a legitimate source. Therefore, the Government is entitled to summary judgment on these claims.

Pendarvis also says that she is entitled to the following items, which Defendant Gamory allegedly gave her as gifts:

1) Assorted jewelry seized on May 25, 2007, more particularly described as follows:
   (a) One ladies Chopard "Happy Fish" stainless steel watch with blue dial, serial no. 9324658245.
   (b) One ladies Jaeger-LeCoultre Reverso Duett 18K white gold diamond watch, serial no. 2150148.
   (c) One Technomarine Technolady stainless steel watch with double row diamond Bezel, case no. N00304.
2) Assorted electronic equipment seized on May 25, 2007, more particularly described as follows:
   (a) One Sharp Flat-panel LCD television, model no. LC-32GA5U, serial no. 504832939.
   (b) One Phillips plasma television, model no. 42FD9954, serial no. 73453668.
   (c) One Phillips plasma television, model no. 42FD9954, serial no. 73454650.
3) Assorted Gym Equipment, more particularly described as follows:
   (a) One Nordic Trac Viewpoint 3000 treadmill, serial no. 424121864.
   (b) One Everlast Heavy bag.

The Eleventh Circuit, however, has flatly rejected the argument that a third party may assert a legal interest in property given by a defendant as a gift. In U.S. v. Kennedy, 201 F.3d 1324, 1335 (11th Cir. 2000), the Eleventh Circuit held:

> The criminal forfeiture provisions provide only two ways for third parties to establish their interest in forfeited property; and one of them is emphatically not that the criminal defendant gave the third party a gift. The relation back provision contained in 21 U.S.C. § 853(c), vesting all right, title, and interest in the forfeited property in the United States upon commission of the acts giving rise to the forfeiture, was specifically included in section 853 as a way of avoiding such transfers.

Id. at 1335 (emphasis in original). Therefore, the Government is entitled to summary judgment on these claims as well.

      B.    Petitioner Gamory

          1.    Riverwalk Trail Property

Petitioner Gamory also claims an ownership interest in the Riverwalk Trail property. It is undisputed that he is the record titleholder to the property. The issue is whether he is a nominee. A nominee is "a party who holds bare legal title for the benefit of others" but does not exercise dominion or control over the property. Black's Law Dictionary 1149 (9th ed. 2009). A party who is a nominee does not have standing to challenge a preliminary forfeiture order.

There is ample evidence supporting the Government's position that Petitioner Gamory is a nominee. For example, Defendant Gamory and Pendarvis paid at least half of the $78,000 down payment on the purchase price of the property. They also paid the monthly mortgage payments and all expenses associated with the property, including homeowner's insurance and repair costs. Moreover, Petitioner Gamory says

he only visited the property occasionally and never stayed longer than a weekend at a time. In addition, he testified that his primary role in purchasing the property was securing financing for the purchase.

However, there is some evidence supporting Petitioner Gamory's position. He is the record titleholder of the property, and he says that he paid half of the down payment. He testified in his deposition that Defendant Gamory and Petitioner Pendarvis live at the property and pay the expenses pursuant to a lease purchase agreement he negotiated with his son after helping him secure financing. Based on these facts, a reasonable fact finder could conclude that Petitioner Gamory is more than a mere nominee. Therefore, the Government is not entitled to summary judgment on this claim and the Petitioner is entitled to a hearing.

### 2. 2007 Mercedes CL600

Petitioner Gamory also asserts an ownership interest in the Mercedes. It is undisputed that he is the record titleholder of the Mercedes. Again, the issue is whether he is a nominee for his son. He admits that he did not pay for the Mercedes. He also concedes that the Mercedes stayed at the Riverwalk Trail property and that he has never driven the car. Moreover, at his deposition, he could not identify the color of the car. Based on these facts, no reasonable finder of fact could conclude that Petitioner Gamory exercised dominion and control over the Mercedes. Therefore,

he is a nominee as a matter of law and may not challenge the forfeiture order. Accordingly, the Government is entitled to summary judgment on this claim.

### IV.  Conclusion

For the reasons stated above, the Government's Motion for Summary Judgment [Doc. 264] is GRANTED in part and DENIED in part.

SO ORDERED, this 27 day of September, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge